HEARD APRIL TERM, 1871.

## GRIFFIN *vs.* ADDISON.

A Commissioner in Equity sold land under a decree for partition, and took for the purchase money the bond of the purchaser but no mortgage as directed by the decree. The bond was afterwards paid in money, except a balance of about $2,300, for which the sealed note of the purchaser, with sureties, was taken, and the bond marked "settled in full." *Held*, That the bond was satisfied, and that such satisfaction extinguished the lien on the land, created by the Act of 1791, for the purchase money.

BEFORE JOHNSON, CH., AT EDGEFIELD, AUGUST, 1868.

This was a bill in equity, exhibited by Ann Griffin and M. L. Bonham against George A. Addison and Henry W. Addison, to subject land to the lien created by the Act of 1791 in cases of sales for partition. The facts of the case are stated in the Circuit decree, which is as follows:

JOHNSON, Ch.  Nathan L. Griffin, in February, 1853, died intestate, leaving as his heirs at law his widow Ann Griffin and eight children, three of whom were minors. M. L. Bonham, soon after his death, took out letters of administration upon his estate, and was, by the order of the Court, appointed the guardian of the person and estate of Willie J. Griffin, the youngest child of his intestate. During the same year proceedings were instituted in this Court by M. L. Bonham and wife, and others, *vs.* Ann Griffin and others, for the partition of a portion of the real estate of the intestate, and under these proceedings, the greater part of his Ninety-Six plantation was sold by the Commissioner of this Court, on sale day in November, 1853, and was bid off by the defendant, George A. Ad-

dison, àt and for the sum of fourteen thousand eight hundred and forty-two dollars and thirty cents. By the terms of sale the purchaser was required to give bond with two or more approved sureties, and a mortgage of the premises, to secure the payment of the purchase money. On the 7th day of November, 1853, George A. Addison gave to A. Simkins, the Commissioner in Equity, his bond, without sureties, and without a mortgage, conditioned for the payment of fourteen thousand eight hundred and forty-two 30-100 dollars, payable as follows: One-half, one year after date, and the other half, two years after date. And the Commissioner gave him a deed for the tract of land purchased by him. On this bond G. A. Addison at different times made large payments, and on the 2d day of February, 1858, the whole amount of the principal and interest due on the bond had been paid except two thousand three hundred and thirty-two dollars and sixty-seven cents, which belonged to the minor, Willie J. Griffin, as a part of his distributive share of the real estate of his father. On the day last aforesaid the following entry is made on the bond, to wit: "Received on this bond two thousand three hundred and thirty-two 67-100 dollars, which settles it in full. February 2d, 1858. (Signed) A. Simkins, C. E. E. D."

On the same day the receipt, of which the following is a copy, was given by M. L. Bonham to A. Simkins, under a statement of the case, to wit: "Received, February 2d, 1858, of A. Simkins, Commissioner in Equity, twenty-one hundred and eighty-three dollars and fifty cents, the first installment, with interest, of the share of my ward, Willie J. Griffin, in the first sales of the real estate of N. L. Griffin, deceased, made in this case. And also two thousand one hundred and twenty 70-100 dollars, his share, with interest, in the second installment. (Signed) M. L. Bonham, Guardian."

M. L. Bonham, in his guardian return for the year 1858, charges himself with having received from A. Simkins, on the 2d day of February, 1858, four thousand three hundred and four 21-100 dollars, "in full of both installments of first sale of real estate of the Commissioner, the greater part of which was received on the bond of G. A. Addison." Though the last credit was entered upon the bond, it appears that no money was paid, but M. L. Bonham having a settlement to make with Ann Griffin, who is the half-sister of G. A. Addison, it was understood and agreed between the three that the sealed note of G. A. Addison for the said amount, with interest payable annually, and with S. F. Goode and E. J. Mims, would be received by Ann Griffin as so much money in a settlement with M.

L. Bonham; and upon such sealed notes being given to Ann Griffin, she receipted to M. L. Bonham for so much money. And for the purpose of fully carrying out the arrangement, the receipts, of which the copies appear above, were given. On sales day in February, 1867, the Ninety-Six plantation was sold at Sheriff's sale as the property of G. A. Addison, and was bid off by Henry W. Addison, who is now the legal owner of the same. A portion of the sealed note given by G. A. Addison, S. F. Goode and E. J. Mims, is still unpaid, and the bill in this case is filed for the purpose of subjecting the Ninety-Six plantation to the payment of the balance due on the said sealed note under the provision of the Act of 1791, creating a lien upon such lands for the payment of the purchase money.

The grounds of defence argued are numerous, and raise many nice questions, but the Court is satisfied on the main issue, that is, that the transaction amounted to a payment, and therefore the prayer of the bill cannot be granted. I will not consider the other questions. See *Dogan* vs. *Ashby et al.*, 1·Rich., 37; *Watson, Crews & Co.*, vs. *Owens*, 1 Rich., 112; *Townsend* vs. *Stevenson*, 4 Rich., 59; *Christian* vs. *Johnson*, 2 Bail., 574; 2 Hill, 528.

It is ordered and decreed that the bill be dismissed with costs.

The complainants appealed on the following grounds:

1. Because the Chancellor erred in holding that it was understood and agreed upon between G. A. Addison, M. L. Bonham and Ann Griffin that the sealed note of G. A. Addison would be received by Ann Griffin as so much money in a settlement with M. L. Bonham.

2. Because the Chancellor erred in ruling that the acceptance by Ann Griffin of the sealed note of G. A. Addison was payment of the debt due by G. A. Addison for the purchase money of the land bought by him at the Commissioner's sale on sales day in November, 1853.

3. Because the Circuit Chancellor refused to allow Ann Griffin the benefit of the statutory lien created by the Act of 1791.

4. Because in other respects the decree of the Circuit Chancellor is contrary to equity.

*Magrath, Bonham,* for appellants:

1. That the provisions of the A. A., 1791, by which lands, sold by the order of the Court for partition, stand pledged for the payment of the purchase money, are not restricted and confined to dis-

tributees alone, but create a lien which remains unsatisfied as long as the purchase money is unpaid; and like other liens, is accessory to, and follows the debt due for the purchase money, in the hands of an assignee thereof.—A. A., 1791, Sec. 7, 5 Stat., 164; *Wright* vs. *Eaves*, 10 Rich. Eq., 582–4–5; 1 Hilliard on Mortgages, 164–7–307 –8; *Forrest* vs. *Warrington*, 2 DeSau., 254; *Lagow* vs. *Badollet*, 1 Blackf., 416; *Elliot* vs. *Connel*, 5 Snead & Marshall, 91; *Heard* vs. *Evans*, 1 Freeman Ch., 79; *Burris* vs. *Gooch*, 5 Rich., 5; *Misservy* vs. *Barrelli*, 2 Hill. Ch., 567; *Hallock* vs. *Smith*, 3 Barb., S. C. Rep., 267; *Wardlaw* vs. *Gray*, 2 Hill. Ch., 645.

2. That as between debtor and creditor, no agreement can operate as payment of a debt, unless it discharges the debtor from liability to pay it; and where a debt is assigned, though a receipt be given by the assignor to the debtor upon an evidence of debt, yet if it appear that such receipt was only a cancellation of an old security, the substitution of a new security for the original debt, given by the debtor to the assignee by agreement of parties, will carry with it all the liens to which the assignor was entitled.— *Wright* vs. *Eaves*, 10 Rich. Eq., 582–4–5; *Broadwell* vs. *King*, 3 B. Monr., 449; *Thomas* vs. *Wyatt*, 5 B. Monr., 132; *Tanner* vs. *Hicks*, 4 S. and M., 294; *Bailey* vs. *Wright*, 3 McC., 485; *Briggs* vs. *Planters' Bank*, 1 Freeman Ch., 574; *Castello* vs. *Cave*, 2 Hill., 531; *Teed* vs. *Carruthers*, 2 Younge & Collyer, 31, 21 Eng. Ch. Rep., 317; *Burton* vs. *Pressly*, Chev. Eq., 1; *Boulware* vs. *Harrison*, 2 Rich. Eq., 317–20; *Green* vs. *Hart*, 1 John Rep., 580; 1 Hilliard on Mortgages, 483–7—(citing *Maryland* vs. *Wingart*, 8 Gill, 170;) *Boyce* vs. *Bowers*, 11 Rich. Eq., 41–7.

3. That the agreement of debtor and creditor that the debtor shall pay the debt to a third party, amounts to an assignment of the debt to such party, and it is not satisfaction thereof, and the assignee is entitled to all the securities which were accessory, and attached to the debt in the hands of the assignor.—*Davies* vs. *Maynard*, 9 Mass. Rep., 242; *Tripp* vs. *Vincent*, 3 Barb. Ch., 614; *Hadlock* vs. *Bulfinch*, 31 Maine, 246; *Edwards* vs. *Bohannan*, 2 Dana, 90; *Patterson* vs. *Johnston*, 7 Ham., 1 Part, 225, found in 2 U. S. E. Dig., 362, No. 1,476; *Blair* vs. *Ross*, Blackf., 540; and the cases cited in support of the second position.

4. That it is a question of intention whether a new security is given and accepted by the parties as payment of a debt or as substitution of a pre-existing one, and the intention of payment can never arise, as long as the liability of the debtor remains un-

discharged, either to the original owner of the debt or the assignee thereof, and it is incumbent on the party resisting the lien to show it is discharged.—*Burton* vs. *Pressly*, Chev. Eq., 1; *Schwartz* vs. *Stein*, 29 Md.; *Fletcher* vs. *McQueen*, 4 Rich., 154.

*Thompson, Addison*, contra.

Oct. 29, 1871. The opinion of the Court was delivered by

WILLARD, A. J. The object of the appellants' bill was the foreclosure of a statute lien for the purchase money, upon a sale of land for partition. The respondent, G. A. Addison, became the purchaser on the sale for partition. The respondent, H. W. Addison, has acquired title to the land in question, through a Sheriff's sale under execution against G. A. Addison.

The question in dispute is, whether the purchase money has been paid. A bond was given by G. A. Addison for the purchase money under the sale for partition. Subsequently, payment of this bond was acknowledged in form. It appears that the bond was not wholly discharged by cash payment, but that a sealed note was given by G. A. Addison for a balance due on the bond. The Circuit decree determines, as matter of fact, that the taking of the sealed note was regarded and intended by the parties as payment of the bond. The Chancellor accordingly dismissed the bill.

Unless this determination of the fact of payment is erroneous, the decree must stand.

The statute lien for the purchase money upon a sale for partition, (5 Stat., 164,) is in the nature of a purchase money mortgage, and has been assimilated, as far as possible, to such mortgage.—*Allen* vs. *Richardson*, 9 Rich. Eq., 53.

The effect of taking a new obligation for one secured by a mortgage, as affecting the lien of the mortgage, was settled in *Burton* vs. *Pressly*, (Chev. Eq., 1,) where it was held that if a new obligation is taken intended as payment of one secured by mortgage, the security is at an end; but that if the new obligation was intended as a substitute for the secured obligation, the mortgage remains valid and effectual.

Applying these principles to the present case, it follows, that if the sealed note was intended as payment of the bond, it extinguished, with the bond, the original indebtedness for the purchase money covered by the bond, and the statute lien is at an end, for

the want of such an obligation to rest upon as the statute contemplated.

We find no sufficient ground for interference with the conclusion of the Chancellor as to the question of fact involved.

The decree must be affirmed, and the appeal dismissed.

*Moses*, C. J., and *Wright*, A. J., concurred.